UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| JIMMIE LEE CHAPMAN, JR. | ) CASE NO. 18-53711-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S**
**OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of non-filing spouse's $2,308.00 per month employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. Pursuant to information received from the Internal Revenue Service, 2017 tax returns have not been provided to the taxing authorities and, pursuant to information received from the Georgia Department of Revenue, 2015 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

4. The Trustee requests proof that Debtor has paid the post-petition mortgage payments for Debtor's residence in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

5. Pursuant to testimony from the Meeting of Creditors, the Chapter 13 Plan does not reference the correct residential address of the Debtor; the correct address is 3436 Buffington Way, not 5436 Buffington Way.

6. The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $312.00 per month for Microft lease end in approximately three (3) years, in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. Based upon a review of the Debtor's payslip, it appears that the Debtor's net monthly income as reflected on Schedule I may be understated. The payslip reflects net monthly income of $2,522.79 and gross monthly income of $2,993.21, while Schedule I reflects net monthly income of $2,152.00 and gross monthly income of $2,422.00. The Debtor's Plan and Schedules should be amended to provide for the contribution of all additional disposable income to the instant Chapter 13 case. 11 U.S.C. Sections 1325(a)(3), 1325 (a)(7), 1325(b)(1)(B).

8. The Chapter 13 Trustee is unable to administer the provisions in the Chapter 13 Plan regarding the claim of TitleMax (step says there is an increase, but does not increase). The Plan should be amended to clarify the creditor's treatment and/or to provide additional information to allow administration of the payments to the creditor.

9. The Chapter 13 Plan treatment for Santander is vague and ambiguous and fails to give said creditor proper notice of its payment under the Plan, as the creditor is not named. 11 U.S.C. Sections 1322 and 1325.

10. Pursuant to the creditor's Objection to Confirmation (Doc. No. 11), the Chapter 13 Plan fails to provide for the assumption and funding or rejection of executory contract owed to Microft in violation of 11 U.S.C. Section 365(b)(1)(C).

11. The Chapter 13 Trustee requests a copy of Debtor's filed 2017 income tax return in order to determine whether the Chapter 13 Plan complies with 11 U.S.C. Sections 1325(a)(3), (a)(4), (a)(6) and/or (b)(1)(B).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Melissa J. Davey
Melissa J. Davey
Chapter 13 Trustee
GA Bar No. 206310

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| JIMMIE LEE CHAPMAN, JR. | ) | |
| | ) | CASE NO.: 18-53711-LRC |
| | ) | |
| DEBTOR. | ) | |

18-53711-LRC                **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

DEBTOR(S):
JIMMIE LEE CHAPMAN, JR.
P.O BOX 971
POWDER SPRINGS, GA  30127

DEBTOR(S) ATTORNEY:
SLIPAKOFF & SLOMKA, PC
OVERLOOK III, SUITE 1700
2859 PACES FERRY RD, SE
ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, April 25, 2018

/s/ [signature]
Melissa J. Davey
GA Bar No. 206310
Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450